IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02754-MEH

TAVORRIS GARRETT, individually and on
behalf of others similarly situated,

    Plaintiff,

v.

FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC., and
John Does, 1-25,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant's Motion to Dismiss. ECF 13. The Motion is fully briefed, and the Court finds that oral argument will not materially assist in its adjudication. For the reasons that follow, the Motion is denied.

## BACKGROUND

    Plaintiff owes a creditor, Capital One N.A., for an outstanding balance on a department store credit card. ECF 1 at ¶¶ 21–24. Capital One N.A. hired Defendant to collect the alleged debt from Plaintiff. *Id*. at ¶ 25.

    Defendant sent Plaintiff a debt collection letter dated May 5, 2020. *Id*. at ¶ 27. Through that letter, Defendant requested payment of the credit card's full outstanding balance of $1,084.27. If "unable to pay in full," the letter instructed Plaintiff to contact Defendant's "office to speak to one of [its] agents as [it] may have other payment options that are available to [him]." ECF 1-1 at 2.

Next, the letter advised Plaintiff in an all capital format that "CALLING FOR FURTHER INFORMATION OR MAKING A PAYMENT IS NOT A SUBSTITUTE FOR DISPUTING THE DEBT." That sentence is the focus of Plaintiff's lawsuit.

At the bottom of the letter is the instruction, "SEE PAGE 2 FOR IMPORTANT DISCLOSURES." There, on the second page, the letter informed Plaintiff that:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

The letter thereby informed Plaintiff how to dispute the debt and the deadline before the debt would be assumed valid. The letter further disclosed that:

> A consumer has the right to request in writing that a debt collector or agency cease further communication with a consumer. A written request to cease communication will not prohibit the debt collector or agency from taking other actions authorized by law to collect the debt.

Title 15 U.S.C. § 1692g requires a debt collector to disclose those rights to a consumer-debtor.

The disclosure section of the letter concluded by providing an internet address where information about Colorado's Fair Debt Collection Practices Act is located, and the Defendant's local contact information.

## II.     Claims for Relief

Plaintiff claims that the challenged sentence—"CALLING FOR FURTHER INFORMATION OR MAKING A PAYMENT IS NOT A SUBSTITUTE FOR DISPUTING THE DEBT"—violates the Fair Debt Collection Practices Act ("FDCPA") in two respects. First, it constitutes a false and misleading representation in the collection of a debt, in violation of 15 U.S.C. § 1692e(10). Second, it overshadows and contradicts the required § 1692g disclosure.

**LEGAL STANDARDS**

I.      **Fed. R. Civ. P. 12(b)(6)**

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of a plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. *Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Iqbal*, 556 U.S. at 679–80. Second, a court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, then the claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require a plaintiff to establish a *prima facie* case in a complaint, the elements of

each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

Because Plaintiff attaches it to his Complaint and incorporates its relevant portions into the pleading, the Court may take into consideration the debt collection letter at issue. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

## II.     Fair Debt Collection Practices Act

One purpose of the FDCPA is to "eliminate abusive debt collection practices." 15 U.S.C. § 1692(e). To accomplish that goal, it regulates what a debt collector may communicate to a consumer. *Hudspeth v. Capital Mgmt. Servs., LP*, No. 11-cv-03148-PAB, 2013 WL 674019, at *3 (D. Colo. 2013) (listing how 15 U.S.C. § 1292e limits a debt collector). Because it is remedial in nature, the FDCPA should be construed liberally in the consumer's favor. *Kalebaugh v. Berman & Rabin, PA*, 43 F. Supp. 3d 1215, 1222 (10th Cir. 2014) (citing *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002)).

4

There are four elements to stating a claim for relief under the FDCPA. The plaintiff must be a "consumer," and the debt in question must arise out of a transaction entered primarily for personal, family, or household purposes. The defendant must be a debt collector, and it must have violated, by act or omission, an FDCPA provision. *Lupia v. Medicredit, Inc.*, 445 F. Supp. 3d 1271, 1280 (D. Colo. 2020). The first three elements are not in dispute. Instead, the parties dispute the fourth element and whether the debt collection letter that Defendant sent to Plaintiff violates the FDCPA's requirements in some manner.

a. The Least Sophisticated Consumer

The parties agree that the question of whether the letter contained any false, deceptive, or misleading representations or whether it overshadowed or contradicted the required § 1692g disclosure is not determined in reference to what Plaintiff subjectively experienced. Plaintiff does plead that "the false information about the alleged debt" that the letter allegedly conveyed "prevented him from making reasonable decisions about whether to pay the debt." ECF 1 at ¶ 37. Nevertheless, both he and Defendant argue that the inquiry is an objective one. ECF 13 at 5; ECF 14 at 5–6.

A debt collection letter is considered from the vantage point of "the least sophisticated consumer" and how that fictional person would understand it. The least sophisticated consumer is not expected to have "the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer." *Lupia*, 445 F. Supp. 3d at 1281 (citing *Ferree v. Marianos*, 129 F.3d 130 (Table), 1997 WL 687693, at *1 (10th Cir. 1997)). Nevertheless, the fictional person possesses rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences. *Hudspeth*, 2013 WL 674019 at *4. A willingness to read the debt collection letter with some care and in its entirety also is presumed. *Lupia*, 445 F. Supp. 3d at 1281.

The least sophisticated consumer test protects the "naive and credulous," but it also protects debt collectors from "unreasonable misinterpretations." *Id*. There is no "liability for bizarre or idiosyncratic interpretations of collection notices." *Hudspeth*, 2013 WL 674019 at *4.

    b.    <u>Materiality</u>

To be actionable, a false, deceptive, or misleading statement also must be material. The FDCPA does not cover every inaccurate statement "no matter how small or ultimately harmless." *Goodman v. Asset Acceptance LLC*, 428 F. Supp. 3d 526, 531 (D. Colo. 2019) (citing *Maynard v. Cannon*, 401 F. App'x 389 (10th Cir. 2010)).

As with the least sophisticated consumer test, the parties agree that the materiality standard applies to this case. ECF 13 at 6; ECF 14 at 8. "Materiality is assessed in light of the purpose of the FDCPA, which is to provide information that helps consumers to choose intelligently." *Hudspeth*, 2013 WL 674019 at *4. Information is immaterial if it "neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect). Thus, a false statement is material if it would impact the least sophisticated consumer's decisions with respect to a debt." *Id*.

    c.    <u>Question of Law</u>

If the language of a debt collection letter is undisputed, the question whether it violated § 1692e or § 1692g may be decided as a matter of law. *Kalebaugh*, 43 F. Supp. 3d at 1223. Both parties use the objective "least sophisticated consumer" standard in making their respective arguments. However, while FDCPA compliance may turn on a question of law, that question of law "is appropriately resolved on summary judgment." *Id*. The above cited cases of *Lupia*, *Goodman*, *Kalebaugh*, and *Hudspeth* all considered the merits of the respective FDCPA claims under Rule 56 and whether the moving defendants were entitled to judgment as a matter of law.

Here, Defendant seeks dismissal under Rule 12(b)(6), which asks whether Plaintiff pleads a plausible FDCPA violation.

## ANALYSIS

### I.     Section 1692e

Title 15 U.S.C. § 1692e(10) bars a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt." At Count I, Plaintiff alleges that Defendant made a "false and misleading representation" in violation of that provision. ECF 1 at ¶ 42. Plaintiff does not identify in Count I what representation is at issue. Instead, he discusses that point in the Complaint's "Violation I—May 5, 2020 Collection Letter" section. There, he alleges that the challenged sentence—"CALLING FOR FURTHER INFORMATION OR MAKING A PAYMENT IS NOT A SUBSTITUTE FOR DISPUTING THE DEBT"—"implies that the consumer has an obligation to dispute the debt." In other words, "making a dispute is something that must be done." *Id*. at ¶ 31. However, such a statement would be "false because the consumer has no obligation to dispute." *Id*. at ¶ 31.

Plaintiff identifies a second way in which the challenged sentence allegedly creates a false impression. He contends that the wording implies that the consumer has only two mutually exclusive actions to take in response: either calling for further information or making a payment. However, a consumer has the third option of doing both. He contends that "the consumer can call for information, make payments and dispute at the same time." *Id*. at ¶ 35.

### II.    Section 1692g

A debt collector must inform a consumer of certain rights with respect to disputing a debt and debt validation. 15 U.S.C. § 1692g(a)(3)–(4). A communication "may not overshadow or be inconsistent with the disclosure" of those rights. 15 U.S.C. § 1692g(b). "[A] notice is

7

overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights." *Hamilton v. Capio Partners, LLC*, 237 F. Supp. 3d 1109, 1113 (D. Colo. 2017).

At Count II, Plaintiff alleges that the letter violates § 1692g "by implying that making disputes is mandatory, when they are not." ECF 1 at ¶ 47. In that way, "the letter overshadows the G-Notice by portraying the dispute process as mandatory and not optional and therefore not providing notice of the consumer's dispute rights in a clear and concise manner as required." ECF 1 at ¶ 35.

In his Response (ECF 14), Plaintiff argues that the all capital lettering format of the challenged sentence has its own overshadowing effect. However, because review is limited to the claims pleaded in the Complaint, the Court does not take this additional alleged violation into consideration.

### III. Plausible Claims for Relief

Plaintiff pleads plausible violations of both § 1692e(10) and § 1692g. He does more than make conclusory assertions; he states specific ways in which the letter could be found to fall short of the FDCPA's requirements. His Complaint is specific enough to comply with *Twombly*/*Iqbal* and to inform Defendant of what he believes the letter's shortcomings are. The pleading suggests nothing on its face that would undermine either claim for relief. Whether Plaintiff will prevail on the merits of those claims under the least sophisticated consumer standard is beyond the scope of the pleading and thus this ruling. The more expansive arguments that the parties raise in the current briefing are better left for later resolution, such as on a summary judgment motion.

### CONCLUSION

Because Defendant moves to dismiss Plaintiff's claims under Rule 12(b)(6), the Court reviews them under that standard. Viewed through that lens, the claims are plausible as pleaded. Accordingly, Defendant's Motion to Dismiss [filed November 10, 2020; ECF 13] is **denied.**

Dated at Denver, Colorado, this 8th day of April, 2021.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge